UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL REVIEW, INC.<br><br>Plaintiff,<br><br>v.<br><br>BRETT A. MACDONALD<br><br>Defendant. | Civil Action No.: 20-cv-11968 |

# COMPLAINT

National Review, Inc. publishes National Review, renowned internationally as a leading conservative editorial magazine and website, and is the owner of the trademarks NATIONAL REVIEW and NR. Brett A. MacDonald ("MacDonald") is using the name and marks NATIONALIST REVIEW and NR in connection with a website, without right or authorization and in violation of law. MacDonald has acted intentionally to misappropriate, trade on, and wrongfully profit from the goodwill and reputation of National Review, Inc. ("National Review"). MacDonald's use of National Review's trademarks poses a risk of causing confusion and diverting consumers away from National Review.

## PARTIES

1. Plaintiff, National Review, is a New York corporation with a place of business at 19 West 44th Street, New York, NY.

2. Defendant, MacDonald, is an individual who, on information and belief, resides and conducts business at 16 Longbow Road, Danvers, MA.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1338 (trademark, and unfair competition claims). The federal claims include infringement and unfair competition under the Lanham Act.

4. This Court has jurisdiction over the state law and common law claims under the doctrine of supplemental jurisdiction. 28 U.S.C. § 1367. The state and common law claims arise from or are substantially related to the acts giving rise to the federal claims.

5. This Court has personal jurisdiction over MacDonald because he conducts business in Massachusetts, has committed acts of infringement in Massachusetts, and has committed acts of unfair competition in Massachusetts.

6. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the infringing activity and unfair competition occurred and continues to occur in Massachusetts, and under 28 U.S.C. §§ 1391(c) because MacDonald has a place of business in Massachusetts.

## FACTUAL BACKGROUND

*National Review's Use of Its Trademarks*

7. National Review was founded by William F. Buckley Jr. in 1955, and it has used its NATIONAL REVIEW and NR trademarks ("National Review's marks") for decades.

8. National Review is the owner of federal trademark registrations for NATIONAL REVIEW, U.S. Reg. No. 4048408, and NATIONAL REVIEW ONLINE, U.S. Reg. No. 4048423. These registrations are incontestable, having at least five years of continuous use in commerce.

9. National Review has published its magazine of the same name continuously for the last 65 years.

10. National Review has, since 1999, maintained a vigorous, oft-visited website, at nationalreview.com, offering information, news and commentary, some of which appear in the magazine, and some of which appear only on the website. The National Review's marks are regularly used in its magazine—both print and digital—and on its website.

11. Together, National Review's magazine and website define the modern conservative movement and enjoy broad allegiance among American conservatives.

12. National Review has invested considerable time, money, and effort in promoting its marks, both registered and unregistered. Through these efforts, National Review has developed substantial recognition and goodwill in its marks.

13. Due to the high profile that National Review's magazine and website have acquired nationwide, MacDonald inevitably had actual notice of the National Review trademarks.

*MacDonald's Unlawful Conduct*

14. MacDonald received notice of National Review's marks from its attorney by a cease-and-desist letter dated August 21, 2020. It is apparent, however, from MacDonald's use on his website of the designations Nationalist Review and NR that he knew of, and deliberately copied, National Review's marks.

15. As of the date of this complaint, MacDonald uses "Nationalist Review" on each page of his website, at nationalistreview.net, and maintains a "Donate to NR" webpage on the site.

16. By these uses, among others, MacDonald has engaged in conduct calculated to heighten public confusion between his website and National Review's magazine and website.

17. An exchange of correspondence between the parties led MacDonald to discontinue some but not all uses of "NR" on his website, but, despite National Review's demand that he cease, MacDonald continues to the present day to use both Nationalist Review and NR.

18. MacDonald is thereby willfully and purposefully using names and marks close to (Nationalist Review) or identical to (NR) those owned by National Review for his own competing services to create a false impression that MacDonald and his website are affiliated or related to National Review and National Review's services, or that MacDonald is an incarnation of National Review's business.

19. MacDonald's unauthorized use of National Review's marks in connection with the same services offered by National Review has caused and will continue to cause consumer confusion and harm to National Review's reputation in the marketplace.

20. MacDonald's unauthorized use of the National Review's marks is deceptive to consumers and has caused and will continue to cause confusion as to the source of the services offered in connection with MacDonald's marks.

21. MacDonald's unauthorized use of National Review's marks injures National Review by falsely associating MacDonald with National Review and depriving National Review of the rights in its mark, thereby harming its reputation and creating confusion among the public.

22. MacDonald's infringement of National Review's marks has been willful, wanton, reckless, and in total disregard for National Review's rights.

16. By these uses, among others, MacDonald has engaged in conduct calculated to heighten public confusion between his website and National Review's magazine and website.

17. An exchange of correspondence between the parties led MacDonald to discontinue some but not all uses of "NR" on his website, but, despite National Review's demand that he cease, MacDonald continues to the present day to use both Nationalist Review and NR.

18. MacDonald is thereby willfully and purposefully using names and marks close to (Nationalist Review) or identical to (NR) those owned by National Review for his own competing services to create a false impression that MacDonald and his website are affiliated or related to National Review and National Review's services, or that MacDonald is an incarnation of National Review's business.

19. MacDonald's unauthorized use of National Review's marks in connection with the same services offered by National Review has caused and will continue to cause consumer confusion and harm to National Review's reputation in the marketplace.

20. MacDonald's unauthorized use of the National Review's marks is deceptive to consumers and has caused and will continue to cause confusion as to the source of the services offered in connection with MacDonald's marks.

21. MacDonald's unauthorized use of National Review's marks injures National Review by falsely associating MacDonald with National Review and depriving National Review of the rights in its mark, thereby harming its reputation and creating confusion among the public.

22. MacDonald's infringement of National Review's marks has been willful, wanton, reckless, and in total disregard for National Review's rights.

## FIRST CAUSE OF ACTION

*Federal Trademark Infringement in Violation of Section 32(1) and 43(a) of the Lanham Act*
**(15 U.S.C. §1114 and 1125(a))**

23.     National Review repeats each allegation contained in the preceding paragraphs.

24.     MacDonald uses and has used deceptively similar or identical versions of National Review's marks in connection with services and solicitations for advertising, without authorization from National Review.

25.     MacDonald's unauthorized use of National Review's marks in connection with services similar to National Review's constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, codified at 15 U.S.C. §1114 (1), and Section 43(a) of the Lanham Act, codified as 15 U.S.C. §1125(a)(1)(A).

26.     MacDonald's unauthorized use of National Review's marks is intended to cause, has caused, is causing, and is likely to continue to cause confusion, or to cause mistake or to deceive.

27.     MacDonald's unauthorized use of the National Review's marks are causing substantial and irreparable injury to National Review, which injury cannot be accurately computed at this time, and will continue to cause substantial injury unless MacDonald's use of the said marks is enjoined by this Court.

28.     By reason of the foregoing, National Review has been damaged, and National Review is entitled to injunctive relief and damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

*Federal Unfair Competition and False Designation of Origin
in Violation of the Lanham Act* **(15 U.S.C. §1125(a))**

29.     National Review repeats each allegation contained in the preceding paragraphs.

30. MacDonald's unlawful acts constitute use in commerce.

31. MacDonald's unlawful acts are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of MacDonald's website with National Review as to the origin, sponsorship, or approval of MacDonald's services.

32. MacDonald has engaged in unlawful acts that constitute unfair competition and false designation of origin in violation of § 43(a) of the Lanham Act, codified at 15 U.S.C. 1125(a).

33. MacDonald's unauthorized use of the National Review's marks are causing substantial and irreparable injury to National Review, which injury cannot be accurately computed at this time, and will continue to cause substantial injury unless MacDonald's use of the said marks is enjoined by this Court.

34. By reason of the foregoing, National Review has suffered monetary damages and loss of goodwill.

35. MacDonald's conduct as described above has been willful, wanton, reckless, and in total disregard for National Review's rights.

### THIRD CAUSE OF ACTION

*Trademark Dilution, 15 U.S.C. § 1125(b)*

36. National Review repeats each allegation contained in the preceding paragraphs.

37. National Review's marks are distinctive and famous, and have been used by National Review for decades for information, news and commentary in the field of current events.

38.     MacDonald began using deceptively similar or identical versions of National Review's marks after National Review's trademarks became famous, thereby causing dilution of those marks in violation of 15 U.S.C. § 1125(c).

39.     MacDonald uses deceptively similar or identical versions of National Review's marks in connection with a website whose writing is less measured, whose analysis of events is less supported by facts, whose outlook is unmistakably extreme, and whose apparent purpose is inflammatory, as opposed to National Review's magazine and website.

40.     These attributes cause confusion and weaken, blur and tarnish National Review's marks. National Review's reputation is injured by having its marks and the goodwill associated with them confused or mistakenly associated with articles or commentary of a lesser, or at the least, very different quality.

41.     Because of MacDonald's conduct, National Review has suffered, and unless his conduct is preliminarily and permanently enjoined, will continue to suffer, actual damages and irreparable harm, as to which it has no adequate remedy at law.

## FOURTH CAUSE OF ACTION

### *Trademark Dilution, M.G.L. c. 110H*

42.     National Review repeats each allegation contained in the preceding paragraphs.

43.     MacDonald's conduct is likely to dilute the distinctive quality of the National Review marks and otherwise cause injury to its reputation.

44.     MacDonald's conduct began long after National Review's marks became distinctive, and constitutes trademark dilution in violation of M.G.L. c. 110H § 13.

45.  MacDonald's use of National Review's marks has caused and is causing irreparable injury to National Review, for which it has no adequate remedy at law, and will continue to do so unless MacDonald is enjoined by the Court.

46.  Because of MacDonald's conduct, National Review has suffered, and unless his conduct is preliminarily and permanently enjoined, will continue to suffer, actual damages and irreparable harm, as to which it has no adequate remedy at law.

### FIFTH CAUSE OF ACTION

*Unfair Competition and Trademark and Trade Name Infringement in Violation of Massachusetts Common Law*

47.  National Review repeats each allegation contained in the preceding paragraphs.

48.  National Review owns and enjoys common law rights in the National Review's marks, which are superior to any rights that MacDonald may claim to any similar marks or trade names.

49.  MacDonald's unauthorized use of the MacDonald mark in connection with news and commentary services has been committed knowingly in order to capitalize on and misappropriate National Review's valuable goodwill in its marks that it created through widespread usage of its mark over many years.

50.  MacDonald's unauthorized use of National Review's marks has caused and is likely to continue to cause confusion or mistake or to deceive consumers as to the source or origin of such services.

51.  MacDonald's acts and conduct constitute trademark infringement in violation of Massachusetts common law.

52. MacDonald's acts and conduct constitute unfair competition, willful, unfair and deceptive acts or practices within the Commonwealth of Massachusetts and in violation of Massachusetts common law.

53. MacDonald's wrongful and infringing activities have intended to cause, have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to National Review's business, reputation, and goodwill.

54. As a result of MacDonald's acts alleged above, National Review is entitled to damages in an amount to be proven at trial.

55. By reason of the foregoing, National Review has been damaged and is suffering, and will continue to suffer, irreparable harm, and is entitled to injunctive relief and damages.

## SIXTH CAUSE OF ACTION

***Unfair Competition and Deceptive Trade Practices in Violation of M.G.L. Ch. 93A § 2 and 11***

56. National Review repeats each allegation contained in the preceding paragraphs.

57. National Review and MacDonald are engaged in trade or commerce.

58. The acts complained of herein occurred primarily and substantially in the Commonwealth of Massachusetts and constitute unfair and deceptive practices or methods of competition within the meaning of M.G.L. Ch. 93A, § 2 and 11.

59. MacDonald's unfair and deceptive trade practices were knowing and willful.

60. As a result of MacDonald's actions as alleged herein, National Review has suffered and is likely to suffer a loss of money.

61. As a result of MacDonald's violations of Chapter 93A, National Review is entitled to damages in an amount to be proven at trial, which amount may be doubled or trebled, and an award of reasonable attorneys' fees and costs as provided by statute.

62. By reason of the foregoing, National Review has been damaged and is suffering, and will continue to suffer, irreparable harm, and is entitled to immediate injunctive relief and damages.

## PRAYER FOR RELIEF

WHEREFORE, National Review respectfully asks the Court to enter judgment for it on all counts against MacDonald and to grant National Review the following relief:

1. Preliminary and permanent injunctions preventing MacDonald and his agents, affiliates, successors, assigns, and all those in privity or acting in concert with him, from using National Review's marks or any names that may be considered confusingly similar to them, in connection with news and commentary services, or from any other uses that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of MacDonald with National Review, or as to the origin, sponsorship, or approval of MacDonald's services or commercial activities by National Review;

2. Preliminary and permanent injunctions enjoining MacDonald from doing business under the name Nationalist Review or NR;

3. Order MacDonald to account and pay over to National Review all gains and profits it derived from the use of Nationalist Review or NR in violation of National Review's trademark rights, pursuant to 15 U.S.C §1117, M. G. L. Ch. 93A , and other applicable law;

4. Order MacDonald to pay National Review the damages which National Review has sustained by reason of the conduct alleged herein;

5. Order MacDonald to pay damages totaling three times the compensatory damages for its willful and intentional misconduct as provided in 15 U.S.C. §1117, M.G.L. Ch. 93A, and other applicable law;

6. Allow National Review permission to elect, prior to final judgment, statutory damages as its recovery rather than actual damages and profits as provided in 15 U.S.C. §1117;

7. Order MacDonald to pay pre-judgment interest on National Review's damages as provided in 15 U.S.C. §1117, M. G. L. Ch. 93A, and other applicable law;

8. Order MacDonald to pay the costs of this action as provided in 15 U.S.C. §1117, M. G. L. Ch. 93A, and other applicable law;

9. Order MacDonald to pay National Review's attorneys' fees as provided by 15 U.S.C. §1117, M. G. L. Ch. 93A, and other applicable law; and

10. Grant such further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, National Review demands a jury trial of any issues in this action so triable.

Date:  October 30, 2020

Respectfully submitted,

NATIONAL REVIEW, INC.,

By its attorneys,

*/s/ Joel R. Leeman*
Kerry L. Timbers (BBO #552293)
Joel R. Leeman (BBO #292070)
SUNSTEIN LLP
100 High Street
Boston, MA 02110
(617)  443-9292
ktimbers@sunsteinlaw.com
jleeman@sunsteinlaw.com

3294187